**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
_____
                                  :
IRA CLAYTON,                      :
                                  :   Civil Action
            Plaintiff,            :   06-5426 (RMB)
                                  :
         v.                       :   **O R D E R**
                                  :
CLEMENT, et al.,                  :
                                  :
            Defendants.           :
_____:

The Court considered Plaintiff's application to proceed <u>in forma pauperis</u> and file the Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915; and the Court screened the Complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**IT IS ON THIS <u>22nd</u> day of <u>November</u>, 2006, ORDERED** that Plaintiff may proceed <u>in forma pauperis</u> without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

Dockets.Justia.com

**ORDERED** that an initial partial filing fee shall be deducted and, until the $350.00 filing fee is paid, in each succeeding month during which the amount in Plaintiff's account exceeds $10.00, the agency having custody of him shall assess, deduct from his account, and forward to the Clerk of the Court payments equal to 20% of the preceding month's income credited to his account, pursuant to 28 U.S.C. § 1915(b)(2), and each payment shall be referenced to the civil docket number of this action; and it is further

**ORDERED** that Plaintiff's claims may proceed to the next stage; and it is further

**ORDERED** that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that the Defendants shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir.

1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel; and in that respect Plaintiff is advised that such appointment is neither guaranteed nor automatic; and it is further

**ORDERED** that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is finally

**ORDERED** that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address, or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**