<u>**NOT FOR PUBLICATION**</u>                              [Docket Nos. 20 and 21]

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
IRA CLAYTON,                        :
                                    :   Civil Action No. 06-5426 (RMB)
        Plaintiff,                  :
                                    :
            v.                      :   **OPINION**
                                    :
CLEMENT, et al.,                    :
                                    :
            Defendants.             :
_____:

Appearances:

Ira Clayton
Prison #419896
SBI #933362B
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625
        <u>Pro</u> <u>Se</u> Plaintiff

Susan Marie Scott, Esquire
Office of the New Jersey Attorney General
P.O. Box 112
Trenton, New Jersey 08625
(609) 292-8550
        Attorney for Defendants

**BUMB**, United States District Judge

        THIS MATTER comes before the Court upon the motions of the
Plaintiff, Ira J. Clayton, appearing <u>pro</u> <u>se</u>, for an extension of
time to answer and for the appointment of <u>pro</u> <u>bono</u> counsel.  For
the reasons set forth herein, Plaintiff's request for additional
time to respond to the pending motion to dismiss will be granted.
Plaintiff's motion for appointment of <u>pro</u> <u>bono</u> counsel will be

1

denied.

## **Introduction**

On May 2, 2007, the Defendants, T. Clement, Charles McLaughlin, R. Shearburn, L. Veach, Sr., K. Hartem, Sco. Vastano, and Lt. Roberts, filed a Motion to Dismiss and for Summary Judgment (the "Motion"). Plaintiff states that he is unable to respond to Plaintiff's Motion because his property, including his legal paperwork, was seized on May 14, 2007, and he, therefore, asks for additional time to respond to the pending Motion. This Court finds that good cause has been shown and, accordingly, will grant the Plaintiff's request. Plaintiff will have until June 29, 2007, to file his opposing papers.

Plaintiff also seeks the appointment of pro bono counsel. In his application, he states:

> I specifically feel I need a lawyer to represent me at this time, because of my inability to present any case from administrative segregation; the complexity of civil litigation issues, the degree to which factual investigation will be necessary and ability of me to pursue such investigation without the inquiry of my investigations being rendered a breach in prison security, whether case will require testimony of expert witnesses, i.e., nurses, secretaries, center control prison log book, detail work supervisor employee (prisoner) work log, polygraph examiner, and my prior litigation experience, and lastly, the lack thereof to access the necessary resources like typewriter/word processor, photocopier, telephone to contact specific witnesses, and being indigent makes it extremely difficult to retain an attorney to represent me in this matter.

Docket Entry 21, at p.4.

Standard

The Court may request an attorney to represent an indigent plaintiff in a civil action pursuant to 28 U.S.C. § 1915(e); however, in a civil action there is no "inherent right to counsel." Purnell v. Lopez, 903 F. Supp. 863, 864 (E.D. Pa. 1995).  The power to grant appointment of counsel lies solely in the discretion of the court.  Tabron v. Grace, 6 F.3d 147, 155 (3d. Cir. 1993), cert. denied, 510 U.S. 1196 (1994).  Appointment of counsel may be made at any point during the litigation by way of the granting of a party's motion or by order sua sponte.  Id. at 156.

In exercising its discretion, the Court must first consider "as a threshold matter the merits" of the case.  Id. at 155.  If the claim has arguable merit, the Court considers the following additional factors:

> (1)  Movant's ability to present his or her own case;
>
> (2)  Difficulty or complexity of the legal issues involved in the case;
>
> (3)  Degree to which factual investigation will be required of the movant in order to present the case and the ability of the indigent movant to pursue such discovery;
>
> (4)  Whether and to what extent the case is likely to turn on credibility determinations;

(5)   Whether expert testimony will be required in presenting the case; and

(6)   Whether movant is able to retain and afford counsel on his or her own behalf.

See id. at 156-157.  This list is not exhaustive, nor is any one factor determinative.  Id. at 157; see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

**Legal Analysis**

As set forth above, this Court must first make the initial determination that the Complaint has some merit in law and fact. The merits of the Plaintiff's claims are questionable here, as argued by the Defendants in their Motion papers.

Even if the Complaint has merit, however, which this Court will address when it resolves the pending Motion, the other above factors weigh against the appointment of counsel.

The plaintiff's ability to present his or her case is a "significant factor" in making the determination of whether appointed counsel is warranted.  Tabron, 6 F.3d at 156.  In assessing whether a plaintiff is unable to present his claim, the Court should consider plaintiff's ability to understand English, his education, literacy, work experience and prior litigation experience.  Id.  If the plaintiff is a prisoner, the Court should consider the restraints placed upon him or her by confinement.  Id.

"In conjunction with the consideration of the plaintiff's

4

capacity to present his or her case, the Court must also consider the difficulty of the particular legal issues" presented in the complaint.  Id.  A Court "should be more inclined to appoint counsel if the legal issues are complex." Id. (quoting, Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)).

A review of this case reveals that neither the legal issues which Plaintiff must address, nor the factual underpinnings of his allegations are so complex as to warrant representation by an attorney.  The overall allegations of Plaintiff's Complaint do not appear to be either factually or legally complicated.  Plaintiff alleges Defendants used excessive force when escorting him to detention and extracting him from a cell.  These claims can be resolved by a review of the record in this matter, which records were provided to Plaintiff in support of Defendants' Motion. Therefore, the allegations do not require the resolution of complicated questions of constitutional analysis, and Plaintiff would be in possession of all of the relevant facts.  Thus, the simple questions of law and fact presented by this case make appointment of counsel unnecessary.

Finally, Plaintiff may prove his allegations with evidence available to him without complicated discovery.  Plaintiff's claims have been presented in a clear and concise manner.  The allegations, if true, can be established entirely through evidence already in Plaintiff's possession, such as his disciplinary report,

reports of the officers, the report of the Special Investigations Division, making appointment of counsel unnecessary. Therefore, because Plaintiff will not need complicated discovery, appointment of counsel is not necessary. Plaintiff has first hand personal knowledge and is the best person to present his information in this case.

In sum, Plaintiff has failed to demonstrate that special circumstances warrant the appointment of pro bono counsel in this action. Should Plaintiff require additional time to meet deadlines, and, of course, makes the requisite good faith/good cause showing, this Court will entertain such requests.

Accordingly, Plaintiff's request for the appointment of pro bono counsel is denied.


                              s/Renée Marie Bumb
                              **RENÉE MARIE BUMB**
                              **United States District Judge**

Dated: June 14, 2007